LOUISVILLE & N. R. Co. *v.* EDWARD CONNELY.

[Abstract Kentucky Law Reporter, Vol. 7—359, 374.]

**Damages for Personal Injury.**

Three thousand dollars' damages for the loss of a limb or permanent injury to it can not be regarded as excessive recovery or more than compensatory.

**Contributory Negligence Bars Recovery.**

Where two railroad tracks cross each other, it is the duty of employes running a train on one road and employes operating a hand car on the other, in approaching the crossing, to use care and caution to avoid injury; and where the two trains collided and the employes on the one were as much guilty of neglect as the others the injured employe has no remedy unless the employes on the train inflicting the injury saw the danger and by the exercise of proper care could have prevented it. Where an employe contributes to the collision by his own neglect, in the absence of wilful neglect on the part of the employes of the other train, no recovery can be had.

APPEAL FROM KENTON CIRCUIT COURT.

November 3, 1885.

OPINION BY JUDGE PRYOR:

That $3,000 for the loss of a limb or the permanent injury to such an important member of the body would not be regarded as more than compensatory, when negligence is shown on the part of the party charged with the wrong, will be conceded. But here is a case where the preponderance of the testimony is on the side of the defendant and when the jury, under a case of ordinary neglect, if any neglect counts at all, is authorized to find punitive damages.

If the instructions are not all in the record this court can not close its eyes to the fact that instructions were given not warranted by the facts of the case, and that permitted a recovery for wilful neglect when there was no proof whatever to sustain such a view of the case as presented. The party is charged with both wilful and ordinary neglect. There is no proof whatever of the higher degree of negligence, nor are we prepared to say that a case of ordinary neglect has been made out. The one railway crosses the other at or near the city of Covington. The employes on the other road, in charge of hand cars, in passing the intersection were run into by the employes of a freight train on the other road. There can be no doubt but that those in charge of the freight train on appellant's road and those in charge of the hand cars on which the appellee was employed were both required in approaching this crossing to use care and caution to avoid injuring those passing; and where the two trains collided and the employes on the one were as much guilty of neglect as those of the other, the injured employe has no remedy unless the employes on the train inflicting the injury saw the danger and by the exercise of proper care and precaution could have prevented the injury. If a stranger or passenger had been injured by the concurrent negligence of those in charge of each car the rule would be different, and the negligence of the employes of the one would not excuse the neglect of the other.

The testimony in this case conduces to show that the appellant's train was running at a speed of only four or five miles an hour, and this fact stands uncontradicted by the testimony in the record; while the proof shows on the part of the appellee that the hand car he was operating was going at the rate of some three miles an hour, and by disinterested witnesses introduced by the appellant that the hand car was propelled at the rate of nineteen miles

an hour. Now if the appellee contributed to the collision by his own neglect, in the absence of wilful neglect on the part of the appellant, no recovery can be had. If the appellant or those in charge of the train saw the appellee's car and had reasonable grounds to believe that it was about to cross the intersection, then it was the duty of appellant or its employes to use such precaution as was within its power to stop the train in order to avoid the collision.

When two trains collide and the employe in charge of the one is as much in fault as the employe of the other, no money can be had for an injury to the one contributing to the wrong when the negligence is of less degree than wilful neglect. When one by wilful neglect injures another he will not be allowed to say that, although he could have avoided the injury, no liability arises because the party injured was guilty of neglect also. Wilful neglect results from the fact that the party charged could have avoided the injury and that this neglect is of such a character as evidences intentional wrong.

There is certainly no wilful neglect in this case, and we are satisfied the appellant is entitled to a new trial; and, whether the jury returned a verdict on the one paragraph of the instruction or the other is immaterial. *Reversed* and remanded for a new trial consistent with this opinion.

*Wm. Lindsay, for appellant.*

*O'Hara & Bryan, for appellee.*